```
                    United States District Court
                      District of Massachusetts
_____
                                    )
KENNETH WARE,                       )
        Petitioner,                 )
                                    )
        v.                          )   Civil Action No.
                                    )   10-10909-NMG
THOMAS E. DICKHAUT,                 )
        Respondent.                 )
_____ )
```

## MEMORANDUM & ORDER

**GORTON, J.**

Before the Court is a petition for a writ of habeas corpus filed by Kenneth Ware. On March 2, 2004, a jury convicted Petitioner of three counts of assault and battery and one count of unlawful possession of a firearm. Subsequently, at a jury-waived trial, Ware was convicted of unlawful possession of a firearm while being an armed career criminal. He is currently serving a sentence of 10-11 years of incarceration.

## I. Factual Background

At the trial stage, in January, 2003, Petitioner filed a motion to suppress evidence obtained as a result of a search of his co-defendant's home and a motion to dismiss a portion of the armed career criminal indictment. On August 1, 2003, after an evidentiary hearing, a Superior Court judge denied the motions. After his conviction, Petitioner appealed that denial. On September 23, 2009, the Massachusetts Appeals Court affirmed his

conviction and, on December 3, 2009, the Massachusetts Supreme Judicial Court ("SJC") denied his application for further appellate review ("ALOFAR").  Commonwealth v. Ware, 918 N.E. 2d 91 (Mass. 2009) (table decision); Commonwealth v. Ware, 913 N.E. 2d 869 (Mass. App. Ct. 2009).

On May 28, 2010, Ware filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254.  He contests his conviction on two grounds and moves to vacate his sentence, reverse all counts of the conviction and dismiss the case against him or, in the alternative, remand his case for a new trial.  On August 12, 2010, respondent, Thomas E. Dickhaut, moved to dismiss Ware's petition.

**II. Analysis**

    **A. Legal Standard**

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2000).

**B.   Ground 1: Denial of Ware's Motion to Suppress**

Petitioner first argues that the trial court violated his Fourth and Fourteenth Amendment rights by failing to suppress the fruits of an initial warrantless entry into the home of his co-defendant, Eddie Ware, conducted without consent or exigency. Observations made during a visual protective sweep of the home were used as the basis for Petitioner's arrest and a search warrant for the premises. Petitioner maintains that 1) the trial court's factual finding that Cordelia Ware allowed officers into the home was erroneous because Eddie Ware refused entry, 2) the police had no right to enter the dwelling to secure it and 3) the visual protective inspection was an unconstitutional search. Petitioner argues that his arrest and the search warrant, therefore, are fruits of an unlawful search and the evidence gathered during the two searches should have been suppressed. He contends that the evidence found as a result of the searches was not harmless and that his conviction should, therefore, be vacated.

Respondent moves to dismiss Ware's petition, arguing that habeas review of Ware's Fourth Amendment claim is barred by Stone v. Powell, 428 U.S. 465 (1976). In Stone, the United States Supreme Court held that

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that

> the evidence obtained in an unconstitutional search was
> introduced at his trial.

Id. at 482.  The Supreme Court reasoned that the exclusionary rule sufficiently deters unconstitutional police conduct when applied at the trial and direct-appeal stages but that any additional deterrent effect gained by applying the rule in federal habeas review is outweighed by the detriment to the criminal justice system of excluding evidence.  Id. at 489-94.

An exception to the Stone rule applies when a petitioner had "no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system."  Sanna v. DiPaolo, 265 F.3d 1, 8 (1st Cir. 2001).  A full and fair opportunity to litigate means that the state "made available to defendants a set of procedures suitably crafted for possible Fourth Amendment violations."  Id. at 9.  Thus,

> the mistaken outcome of a state court suppression
> hearing, standing alone, cannot be treated as a denial of
> the opportunity fully and fairly to litigate a Fourth
> Amendment claim (and, thus, cannot open the door to
> federal habeas review).

Id.

This Court finds no reason to diverge from the Supreme Court's decision in Stone.  Petitioner cites to Kirk v. Louisiana as an example of the Supreme Court reviewing a warrantless entry.  536 U.S. 635 (2002).  The procedural posture of that case was, however, distinguishable from the Petitioner's.  In Kirk, the

defendant appealed his denial of a motion to suppress to the Louisiana Court of Appeal and, when that court affirmed the denial, he petitioned for a writ of certiorari to the United States Supreme Court. Id. at 635. In order to receive Supreme Court review on his motion to suppress, Petitioner should have petitioned for a writ of certiorari.

Petitioner chose the habeas corpus route instead and, as a result, the Stone rule applies to the instant petition. After holding an evidentiary hearing, on May 5, 2003, at which the Court heard testimony from Boston Police Detective Michael F. Devane, Boston Police Officers Robert E. Lyden and William E. Doogan, and Cordelia Ware, the co-defendant's wife, the Superior Court Judge concluded that the police's initial entry into and protective sweep of Eddie Ware's apartment and the "freezing" of the house prior to the protective sweep were lawful and the subsequent search warrant was properly obtained. Ware, 913 N.E. 2d at 874. Specifically, he found that Cordelia Ware consented to the initial entry by the police into the residence and that there was no evidence that Eddie Ware unequivocally objected to the police entry. Id. at 879.

The Court concludes that the trial court provided Petitioner with a full and fair opportunity to litigate his motion to suppress, i.e. the evidentiary hearing, and considered that motion carefully in a twelve-page memorandum and order. Further,

Petitioner does not argue to the contrary.  Thus, Ground One of the petition does not warrant habeas relief.

> **C. Ground 2: Denial of Ware's Motion to Dismiss the Armed Career Criminal Conviction**

Petitioner's second argument is that his Fifth and Fourteenth Amendment rights were violated because his conviction as an armed career criminal, pursuant to M.G.L. c. 269, § 10G, was not proven beyond a reasonable doubt.  Section 10G mandates minimum sentences based on how many prior convictions for violent crimes or serious drug offenses the defendant has.  Petitioner's § 10G conviction was based on two prior offenses: a conviction for assault and battery with a dangerous weapon in Plymouth Superior Court and a conviction for possession with intent to distribute a Class B substance in Brockton District Court.

Petitioner argues that his sentence should not have been based on two prior convictions because one of his prior convictions did not qualify as a "serious drug offense" under § 10G.[1]  Ware objects to the inclusion of his conviction in the Brockton District Court for possession with intent to distribute as a prior conviction for the purposes of sentence enhancement because the maximum sentence that a Massachusetts District Court

---

[1] The initial indictment with respect to the subject conviction charged three predicate offenses but the Commonwealth subsequently moved to strike his conviction for possession of a firearm because it arose from the same incident as the assault and battery with a dangerous weapon predicate offense.  <u>Ware</u>, 913 N.E. 2d at 872 n.3.

can impose is two and one half years and § 10G only applies to predicate offenses with a maximum sentence of ten years. M.G.L. c. 269, § 10G(b). The trial judge denied Petitioner's motion to dismiss, finding that, because the statute under which he was convicted carried a maximum sentence of ten years, a violation of that statute is a "serious drug offense" under § 10G. The Appeals Court affirmed. Ware, 913 N.E. 2d at 874.

This Court must consider whether Petitioner's conviction under M.G.L. c. 94C, § 34A(a) for possession with intent to distribute constitutes a "serious drug offense" under M.G.L. c. 269, § 10G(e). That statute provides that

> [a] "serious drug offense" shall mean . . . an offense under chapter 94C involving the manufacture, distribution or possession with intent to manufacture or distribute a controlled substance, as defined in section 1 of said chapter 94C, for which a maximum term of ten years or more is prescribed by law.

Petitioner maintains that the statute is ambiguous, at best, regarding whether or not the maximum sentence prescribed by law refers to the sentence charged in the District Court or that which is possible in Superior Court. Thus, Petitioner contends, its application to his sentence violates the rule of lenity. See Rewis v. United States, 401 U.S. 808, 812 (1971) (holding that ambiguity in criminal statutes should be resolved in favor of lenity).

Petitioner asserts that, because his prior conviction does

not qualify as a serious drug offense under M.G.L. c. 269, § 10G(b), he was not convicted of each element required for imposing a mandatory minimum under § 10G(b), and, therefore, his conviction violates his Fifth and Fourteenth Amendment rights to be considered innocent until proven guilty beyond a reasonable doubt.  See In re Winship, 397 U.S. 358 (1970).

**1.  Exhaustion of State Court Remedies**

Respondent moves to dismiss Ware's petition on the grounds that Ware has failed to exhaust his state court remedies on all claims before seeking habeas relief in federal court.  Respondent maintains that, although Petitioner raised Ground Two in his brief to the Appeals Court, he did not include it in his ALOFAR.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will not be granted unless the applicant has exhausted the remedies available in the state courts.  28 U.S.C. § 2254(b)(1)(A).  To exhaust a claim in Massachusetts, a habeas petitioner must present the substance of the claim to the state's highest tribunal, the SJC.  Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007).  The defendant must give the state courts "a fair opportunity" to consider his/her claim.  Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  That requirement applies to the facts and federal legal theories underlying each claim.  Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).  Every claim in a petition must be exhausted.  Thus, even if there are exhausted

claims, the existence of an unexhausted claim in a petition generally means that the petition will be dismissed or denied on the merits. 28 U.S.C § 2254(b)(1)-(2); Rose v. Lundy, 455 U.S. 509, 522 (1982).

In his ALOFAR, Petitioner sought review of

> Whether the defendant was not proved guilty beyond a reasonable doubt of being an armed career criminal, where he had only one qualifying conviction.

His argument there concerned the statutory interpretation of the Massachusetts armed career criminal statute. He stated:

> Kenneth Ware's District Court conviction for possession with intent to distribute a Class B substance could not be a predicate drug offense for an armed career criminal, because the maximum term he faced in District Court was only two and one-half years, not the ten years required by statute for a serious drug offense.

Petitioner's appellate counsel, Elizabeth Caddick, submitted an affidavit to the Court in which she states that the ALOFAR that she filed on behalf of the Petitioner was required to be under ten pages and, as such, necessitated substantial editing from the original argument before the Appeals Court. She maintains, however, that the quoted passages above were sufficient to raise Ground 2 before the SJC.

After reviewing Caddick's affidavit and the addendum to Respondent's motion to dismiss, the Court concludes that Petitioner adequately presented Ground 2 to the SJC before filing his federal petition. As a result, Petitioner exhausted his

-9-

state court remedies with respect to Ground 2 and the Court will address the merits of that claim. See Clements v. Maloney, 485 F.3d 158, 168 (1st Cir. 2007).

## 2. The Merits of Ground 2

After careful consideration, the Court will deny Ware's petition on Ground 2. The disputed District Court conviction was for possession of cocaine (Class B) with the intent to distribute in violation of M.G.L. c. 94C, § 34A(a). The maximum term of imprisonment for a first offense under that statute is "in the state prison for not more than ten years, or in a jail or house of correction for not more than two and one half-years[.]" M.G.L. c. 94C, § 34A(a). Thus, as defined in the statute, the offense for which Petitioner was convicted meets the definition of a "serious drug offense" in § 10G(b).

Case law in Massachusetts and the First Circuit indicates that the Court should focus on the nature of the offense for which the defendant was convicted and not on how that crime was prosecuted in the defendant's particular case. For example, in Commonwealth v. Smith, the issue was whether the defendant's prior conviction made him subject to M.G.L. c. 22E, § 3, which mandates the submission of a DNA sample to the state DNA database by any person "convicted of an offense that is punishable by imprisonment in the state prison." 829 N.E. 1090, 1091 (Mass. 2005). The defendant argued that, because his prior felony

conviction was adjudicated in the Massachusetts District Court, which lacks the authority to sentence a defendant to state prison, M.G.L. c. 22E, § 3 did not apply to him.  Id.  The SJC disagreed and held that, when determining whether an offense qualifies as one that is described in a statute, the court must look at whether the offense may be punished in a certain way, not whether the defendant in that particular case and court was punished in that way.  Id. at 1091, 1092 n.1.

Similarly, in United States v. Moore, the First Circuit Court of Appeals held that a Massachusetts District Court drug conviction under M.G.L. c. 94C, § 32A was a "serious drug offense" under the Federal Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)(2)(A)(ii)) because the maximum possible penalty under § 32A is ten years' incarceration.  286 F.3d 47, 49-50 (1st Cir. 2002), cert. denied, 537 U.S. 907 (2007).  The First Circuit looked at the nature of the offense as it is defined in the statute.  The fact that the conviction was adjudicated in the Massachusetts District Court, which cannot impose a sentence of more than two and one-half years, did not change the nature of the offense.  Id. at 49-51.

In subsequent cases, the First Circuit and District of Massachusetts have followed Moore.  See, e.g., United States v. Sousa, 468 F.3d 42, 45 (1st Cir. 2006) (holding that the defendant's prior conviction was a felony, which is defined as a

crime punishable by confinement in state prison, even though it was prosecuted in Municipal Court, where a state prison sentence was unauthorized); United States v. Gunn, 962 F. Supp. 214, 215-16 (D. Mass. 1997) (holding that the defendant's prior Massachusetts District Court convictions for possession with intent to distribute under M.G.L. c. 94C, §34A(a) were "serious drug offenses" under the ACCA).

Although those cases dealt with other statutes, the Court finds that the same reasoning applies in determining the meaning of a "serious drug offense" under § 10G. The ACCA definition of "serious drug offense" is almost identical to the definition in § 10G:

> "serious drug offense" means . . . an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A)(ii). The Court is satisfied that under § 10G, as under the ACCA, it must consider the nature of the prior offense and not how it was prosecuted in the defendant's particular case. Thus, because the maximum possible sentence for a conviction under M.G.L. c. 94C, § 34A(a) is ten years, Petitioner's conviction under that statute constitutes a conviction of a "serious drug offense" under § 10G and triggers the enhanced penalty.

As such, the Court finds that the trial court's denial of Petitioner's motion to dismiss on Ground 2 was well-reasoned and was not "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254. Ware's petition for a writ of habeas corpus will, therefore, be denied.

**D.   Certificate of Appealability**

**1.   Legal Standard**

Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 provides that:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

Rules Governing Proceedings Under 28 U.S.C. § 2254, Rule 11, 28 U.S.C.A. foll. § 2254 (2009). The Committee Notes on the 2009 Amendment to the Rules Governing § 2254 Proceedings explain that Rule 11(a) is intended to "ensure prompt decision making when the issues are fresh, rather than postponing consideration of the certificate until after a notice of appeal is filed." Id.

A Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to make a "substantial showing", a petitioner seeking a COA must show that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

### 2. Application

With respect to Petitioner's first ground for challenging his convictions, it is unequivocal that the trial judge held an evidentiary hearing on Petitioner's motion to suppress and gave him a "full and fair opportunity" to litigate that motion. Thus, the Court finds that reasonable jurists would not debate that the Stone rule forecloses federal habeas review of that motion to suppress. Barefoot, 463 U.S. at 893 n.4. Thus, if a COA is sought with respect to Ground 1, it will be denied.

On the other hand, if a COA is sought with respect to Ground 2, the Court will issue it. Although the existing case law counsels a denial of Ground 2, the First Circuit has not decided that precise issue and, consequently, reasonable jurists could disagree with this Court's interpretation of § 10G.

**ORDER**

In accordance with the foregoing,

1)  Respondent's motion to dismiss Kenneth Ware's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 8) is **ALLOWED**; and

2)  if an application for a certificate of appealability is submitted, it will be, with respect to Ground One, **DENIED**, but, with respect to Ground Two, **ISSUED**.

**So ordered.**

                                /s/ Nathaniel M. Gorton
                                Nathaniel M. Gorton
                                United States District Judge

Dated December 23, 2010